UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X

**DOCKET NO.:**

SHAWNA SAUNDERS,

Plaintiff,

-against-

TOWN OF GREECE, TOWN OF GREECE POLICE DEPARTMENT, TOWN OF GREECE POLICE OFFICER CALVIN BOILY, in his individual and official capacities, TOWN OF GREECE POLICE OFFICER KATELYN BRADO, in her individual and official capacities, TOWN OF GREECE POLICE SGT. JOSHUA SPEARMAN, in his individual and official capacities, TOWN OF POLICE OFFICER STEPHEN PLACIOUS, in his individual and official capacities, TOWN OF GREECE POLICE OFFICER STEPHANIE MILITELLO, in her individual and official capacities, TOWN OF GREECE POLICE OFFICER BRONGO, in his individual and official capacities, and TOWN OF GREECE POLICE OFFICER JOHN/JANE DOES #1-10 (fictitiously named), in their individual and official capacities,

Defendants.
---------------------------------------------------------------------- X

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff SHAWNA SAUNDERS, by her attorneys, HORN WRIGHT, LLP, complaining of Defendants, TOWN OF GREECE, TOWN OF GREECE POLICE DEPARTMENT, TOWN OF GREECE POLICE OFFICER CALVIN BOILY, in his individual and official capacities, TOWN OF GREECE POLICE OFFICER KATELYN BRADO, in her individual and official capacities, TOWN OF GREECE POLICE SGT. JOSHUA SPEARMAN, in his individual and official capacities, TOWN OF POLICE OFFICER STEPHEN PLACIOUS, in his individual and official capacities, TOWN OF GREECE POLICE OFFICER STEPHANIE MILITELLO, in her individual and official capacities, TOWN OF GREECE POLICE OFFICER BRONGO, in his

individual and official capacities, and TOWN OF GREECE POLICE OFFICER JOHN/JANE DOES #1-10 (fictitiously named), in their individual and official capacities, alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff, SHAWNA SAUNDERS ("SHAWNA" and/or "Plaintiff") seeks relief from Defendants, TOWN OF GREECE, TOWN OF GREECE POLICE DEPARTMENT, TOWN OF GREECE POLICE OFFICER CALVIN BOILY, in his individual and official capacities, TOWN OF GREECE POLICE OFFICER KATELYN BRADO, in her individual and official capacities, TOWN OF GREECE POLICE SGT. JOSHUA SPEARMAN, in his individual and official capacities, TOWN OF POLICE OFFICER STEPHEN PLACIOUS, in his individual and official capacities, TOWN OF GREECE POLICE OFFICER STEPHANIE MILITELLO, in her individual and official capacities, TOWN OF GREECE POLICE OFFICER BRONGO, in his individual and official capacities, and TOWN OF GREECE POLICE OFFICER JOHN/JANE DOES #1-10 (fictitiously named), in their individual and official capacities (hereinafter, collectively referred to as "Defendants"), for committing acts under color of law and depriving Plaintiff of rights secured under 42 USC § 1983 grounded in rights secured to her under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

2. Plaintiff alleges that Defendants engaged in unlawful conduct. Specifically, Defendants used excessive force, falsified records and evidence, falsely arrested, maliciously prosecuted Plaintiff, and unlawfully took her property. All acts were committed under the color of law and deprived Plaintiff of rights secured to her under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States.

3. Defendants, without justification or any reason except an intent to deprive Plaintiff of her rights and knowledge that their conduct had the tacit authorization of Defendant TOWN OF GREECE, unlawfully and viciously assaulted and battered Plaintiff, falsely arrested, maliciously prosecuted Plaintiff, and unlawfully seized her property. Said unlawful acts upon Plaintiff deprived her of her civil and Constitutional rights.

4. Plaintiff seeks damages, both compensatory and punitive, award of costs, interest, attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

5. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1983 and by 28 U.S.C. §§ 1331 and 1343(3) and (4) of the aforementioned constitutional provisions.

## VENUE

6. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the Town of Greece, State of New York; the actual place of employment of the individually named Defendants and Doe Officers is within the Western District of New York; and the Town of Greece, State of New York is within the jurisdiction of the Western District of New York. The events surrounding this lawsuit occurred in the Town of Greece, State of New York, in the Western District of New York. Additionally, Plaintiff, resides within the County of Monroe, State of New York in the Western District of New York.

## THE PARTIES

7. Plaintiff is a resident of the United States who lives within the Western District of New York.

8. Upon information and belief, at all relevant times described herein, Defendant TOWN OF GREECE ("TOWN") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

9. Upon information and belief, at all relevant times described herein, Defendant TOWN, by its agents and/or employees, operated, maintained, and controlled the Town of Greece Police Department, including all supervising officers and police officers thereof.

10. Upon information and belief, at all relevant times described herein, Defendant TOWN OF GREECE POLICE DEPARTMENT ("GPD") is a subdivision and/or agency of Defendant TOWN and has an office at 6 Vince Tofany Blvd., Rochester, New York 14612-5030.

11. Upon information and belief, at all relevant times described herein, Defendant TOWN GREECE POLICE OFFICER CALVIN BOILY ("BOILY") is a Police Officer who is being sued in his individual and official capacities and is an employee of Defendant TOWN. At all relevant times described herein, BOILY was acting under color of state law within the scope of his employment as a Police Officer employed by Defendants TOWN and GPD, and works under the supervision, direction, and/or control of his supervisors in GPD.

12. Upon information and belief, at all relevant times described herein, Defendant TOWN GREECE POLICE OFFICER KATELYN BRADO ("BRADO") is a Police Officer who is being sued in her individual and official capacities and is an employee of Defendant TOWN. At all relevant times described herein, BOILY was acting under color of state law within the scope of

her employment as a Police Officer employed by Defendants TOWN and GPD, and works under the supervision, direction, and/or control of her supervisors in GPD.

13. Upon information and belief, at all relevant times described herein, Defendant TOWN GREECE POLICE SGT. JOSHUA SPEARMAN ("SPEARMAN") is a Sergeant within the Town of Greece Police Department who is being sued in his individual and official capacities and is an employee of Defendant TOWN. At all relevant times described herein, SPEARMAN was acting under color of state law within the scope of his employment as a Sergeant employed by Defendants TOWN and GPD, and works under the supervision, direction, and/or control of his supervisors in GPD.

14. Upon information and belief, at all relevant times described herein, Defendant TOWN GREECE POLICE OFFICER STEPHEN PLACIOUS ("PLACIOUS") is a Police Officer who is being sued in his individual and official capacities and is an employee of Defendant TOWN. At all relevant times described herein, PLACIOUS was acting under color of state law within the scope of his employment as a Police Officer employed by Defendants TOWN and GPD, and works under the supervision, direction, and/or control of his supervisors in GPD.

15. Upon information and belief, at all relevant times described herein, Defendant TOWN GREECE POLICE OFFICER STEPHANIE MILITELLO ("MILITELLO") is a Police Officer who is being sued in her individual and official capacities and is an employee of Defendant TOWN. At all relevant times described herein, MILITELLO was acting under color of state law within the scope of her employment as a Police Officer employed by Defendants TOWN and GPD, and works under the supervision, direction, and/or control of her supervisors in GPD.

16. Upon information and belief, at all relevant times described herein, Defendant TOWN OF GREECE POLICE OFFICER BRONGO ("BRONGO") is a Police Officer who is

being sued in his individual and official capacities and is an employee of Defendant TOWN. At all relevant times described herein, BRONGO was acting under color of state law within the scope of his employment as a Police Officer employed by Defendants TOWN and GPD, and works under the supervision, direction, and/or control of his supervisors in GPD.

17. Upon information and belief, at all relevant times described herein, Defendant TOWN OF GREECE POLICE OFFICERS JANE/JOHN DOES #1-10 (fictitiously named) ("DOES") are individuals and employees of Defendants TOWN and GPD with an actual place of employment within Town of Greece, State of New York, who are being sued in their individual and official capacities. At all relevant times described herein, DOES were acting under color of state law within the scope of their employment as Police Officers employed by Defendants TOWN and GPD, and work under the supervision, direction, and/or control of their supervisors in the GPD.

## FACTUAL ALLEGATIONS

18. On or about June 8, 2023, Plaintiff SHAWNA was lawfully present at her boyfriend's home located within the Town of Greece, State of New York. SHAWNA had come from her boyfriend's mother's wake.

19. After leaving the wake, SHAWNA decided to visit her boyfriend as she wanted to talk to him.

20. SHAWNA arrived at her boyfriend's home. However, he had not arrived home. SHAWNA decided to enter the home using a key that had been given to her by her boyfriend.

21. SHAWNA entered the home and waited for her boyfriend to arrive.

22. Soon after entering the home, BOILY and/or DOES officers entered the home. BOILY and/or DOES GPD officers informed SHAWNA that GPD had received a call from her boyfriend who had requested that she be asked to leave.

23. SHAWNA gathered her belongings and exited the home and went to her vehicle that was parked in the driveway.

24. SHAWNA entered her vehicle and started the ignition. SHAWNA then made a phone call to a friend. SHAWNA was visibly upset and was trying to calm herself before driving away.

25. BOILY, SPEARMAN, PLACIOUS, MILITELLO, BRONGO, and/or DOES, at first, knocked on SHAWNA's window and told her she needed to leave the driveway. In response, SHAWNA stated that she just needed a moment to gather herself, emotionally compose herself and then she would leave.

26. BOILY, SPEARMAN, PLACIOUS, MILITELLO, BRONGO, and/or DOES, not satisfied with SHAWNA's response, began banging on her car's window and demanded that she leave. Again, SHAWNA pleaded with the BOILY, SPEARMAN, PLACIOUS, MILITELLO, BRONGO, and/or DOES and stated that she just needed a moment.

27. BOILY, SPEARMAN, PLACIOUS, MILITELLO, BRONGO, and/or DOES ignored her and began to yell at her. At one point, upon information and belief, MILITELLO reached through SHAWNA's sunroof and pulled at SHAWNA's hair and demanded she open the door.

28. At some point, SHAWNA's boyfriend arrived. At which point, BOILY, SPEARMAN, PLACIOUS, MILITELLO, BRONGO, and/or DOES solicited a criminal trespass

from the boyfriend. However, SHAWNA's boyfriend stated that he merely wanted her to leave the premises.

29. Throughout the entirety of the time BOILY, SPEARMAN, PLACIOUS, MILITELLO, BRONGO, and/or DOES continued to intimidate, yell, and harass SHAWNA and banged on her car window causing her additional distress.

30. At some point, SGT. SPEARMAN approached SHAWNA with a handwritten note and placed it on the driver's side window. The note, in sum or substance, stated that if she did not leave, she would be arrested.

31. SHAWNA reversed her vehicle out of the driveway and left the premises still upset and distraught by what had just happened.

32. However, soon after leaving, BOILY, SPEARMAN, PLACIOUS, BRONGO, and/or DOES entered their police vehicles and pursued SHAWNA at a high rate of speed.

33. Upon information and belief, BOILY, SPEARMAN, PLACIOUS, BRONGO, and/or the DOES caught up with SHAWNA. BOILY, SPEARMAN, PLACIOUS, BRONGO, and/or one of the DOES turned on his emergency lights and SHAWNA pulled over. Upon pulling over, BOILY, SPEARMAN, PLACIOUS, BRONGO, and/or another of the DOES placed his vehicle in front of SHAWNA's vehicle.

34. BOILY, SPEARMAN, PLACIOUS, BRONGO, and/or DOES approached SHAWNA's vehicle and again began screaming at SHAWNA and telling her to roll her window down.

35. BOILY, SPEARMAN, PLACIOUS, BRONGO, and/or DOES continued to forcibly bang on her car's window demanding that SHAWNA exit her car. Fearing for her safety, SHAWNA called 911 and requested assistance. SHAWNA asked why she was being pulled over

and why she was being arrested. However, BOILY, SPEARMAN, PLACIOUS, BRONGO, and/or DOES refused to answer her and yelled for her to "GET OUT OF THE FUCKING CAR." Similarly, when SHAWNA asked why she was being asked to exit the vehicle BOILY, SPEARMAN, PLACIOUS, BRONGO, and/or DOES refused to answer her and again told her to "GET OUT OF THE FUCKING CAR OR WE'LL SMASH YOUR WINDOW"

36. BOILY, SPEARMAN, PLACIOUS, BRONGO, and/or DOES continued to demand that she exit her vehicle. SHAWNA was in fear for her life. BOILY, SPEARMAN, PLACIOUS, BRONGO, and/or one of the DOES, on information, using a retractable baton continuously struck the driver's side window until it broke.

37. Upon the window breaking, BOILY, SPEARMAN, PLACIOUS, BRONGO, and/or a DOES officer reached into SHAWNA's vehicle, jumped on top of SHAWNA, choked her and punched her. Then BOILY, SPEARMAN, PLACIOUS, BRONGO, and/or the other DOES also began to grab SHAWNA and began to pull on her arms and her body and demanded that she exit the vehicle. SHAWNA asked to be released and she would exit the vehicle. Instead, BOILY, SPEARMAN, PLACIOUS, BRONGO, and/or DOES continued to pull on SHAWNA's arms and legs and yelled for her to get out of the vehicle.

38. SHAWNA was continuously punched in the face. At one point, SHAWNA was tazed multiple times before she was dragged out of her vehicle and slammed onto the glass covered pavement. All the while SHAWNA asks why she was being arrested.

39. SHAWNA was then handcuffed, tazed again and then dragged to BOILY, SPEARMAN, PLACIOUS, BRONGO and/or one of the DOES' police vehicles barefoot.

40. While in the back of this police vehicle, handcuffed and under arrest, she was then questioned by BRADO who arrived once SHAWNA was in the police cruiser.

41. SHAWNA was then taken to the hospital as she was bleeding everywhere. Additionally, the taser prongs were still in her body. Further, SHAWNA was feeling the effects of the taser and the flurry of punches to the face and head by BOILY, SPEARMAN, PLACIOUS, BRONGO, and/or DOES and from the pulling on her arms.

42. At the hospital, BRADO and/or DOES claimed for the first time that SHAWNA was stopped and arrested for driving while intoxicated. BRADO and/or DOES also claimed that SHAWNA refused to submit to a PBT test. Despite the fact that SHAWNA never refused to submit to a PBT.

43. On June 8, 2023, Plaintiff SHAWNA was arrested, processed, and charged by BOILY, BRADO, SPEARMAN, PLACIOUS, MILITELLO, BRONGO, and/or DOES with: speed not reasonable and prudent in violation of NYS VTL § 1180A; Criminal Trespass in the Second Degree in violation of NY PL § 140.15(1); Reckless Endangerment in the Second Degree In violation of NY PL § 120.20; Harassment in the Second Degree in violation of NY PL § 240.26(1); Obstructing Governmental Administration in Second Degree in violation of NY PL § 195.05; Resisting Arrest in violation of NY PL § 205.30; and Driving While Intoxicated in violation of NY VTL § 1192(3).

44. Defendants had no evidence to substantiate the charges.

45. The prosecution of Plaintiff is ongoing and continuous despite the fact that BOILY, BRADO, SPEARMAN, PLACIOUS, MILITELLO, BRONGO, and/or DOES lacked probable cause.

46. As a result of the malicious prosecution, Plaintiff SHAWNA has been required to appear multiple times in court. Information about the arrest and/or prosecution was intentionally

and maliciously released to the public, impugning SHAWNA's reputation and causing Plaintiff shame and humiliation.

47. Plaintiff was required and continued to be required to appear in court after Defendants had incontrovertible evidence that Plaintiff was not involved in the alleged crimes she was arrested and charged with.

48. On June 9, 2023, Plaintiff SHAWNA was required to appear in Court for arraignment.

49. On or about June 12, 2023, Plaintiff SHAWNA's vehicle, which had been unlawfully seized, was released from the impound and returned to her.

50. At all relevant times to the instant Complaint, Defendants were acting under color of law.

52. At all relevant times to the instant Complaint, Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the Constitutional rights, privileges, and immunities of Plaintiff SHAWNA and, while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper, and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property ensuring civil order.

53. At all relevant times to the instant Complaint, Defendants, and each of them, had the power and duty to restrain the other Defendants and prevent them from violating the law and the rights of Plaintiff SHAWNA, but each of the Defendants failed and refused to restrain the other Defendants and thereby became a party to unlawfully subjecting Plaintiff SHAWNA to harm and denial of basic rights.

54. That the injuries Plaintiff suffered were caused solely by the conduct of Defendants and Plaintiff in no way contributed to or caused the injuries she suffered.

55. The conduct of Defendants was the proximate cause of Plaintiff's injuries.

56. The injuries suffered by Plaintiff are permanent in nature.

**AS AND FOR A FIRST COUNT**
**42 U.S.C. § 1983 - Excessive Force**
**(*Against Defendants BOILY, BRADO, SPEARMAN, PLACIOUS, MILITELLO, BRONGO, and DOES*)**

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

58. Plaintiff was brutalized by Defendants in the absence of any need for such application of force.

59. Defendant Officers subjected Plaintiff to excessive force while acting in the scope of their employment as Police Officers. Such force was objectively unreasonable under the circumstances then existing and caused Plaintiff to suffer serious and permanent physical injuries.

60. Plaintiff has suffered significant and substantial damages as a result of all of the aforementioned conduct of Defendants.

61. As a proximate result of Defendant Officers' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur medical expenses and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages, costs, and attorney's fees pursuant to Title 42 § 1988, and any other relief this Court may find just and proper.

**AS AND FOR A SECOND COUNT**
**42 U.S.C. § 1983 – False Arrest and Unlawful Search & Seizure**
**(*Against Defendants BOILY, BRADO, SPEARMAN, PLACIOUS, MILITELLO, BRONGO, and DOES*)**

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

63. That the aforesaid arrest and imprisonment of Plaintiff by Defendants in their capacities as law enforcement was under the color of State Law, without any reasonable cause or belief that Plaintiff was in fact guilty of the crimes for which she was charged.

64. That said Defendants, their agents, servants, and employees unlawfully seized Plaintiff and Plaintiff's vehicle, falsely arrested and illegally imprisoned Plaintiff, and intentionally subjected Plaintiff to confinement which Plaintiff was conscious of, and said confinement was not otherwise privileged or consented to by Plaintiff.

65. That, by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by Defendants, their agents, servants, or employees, Plaintiff was wrongfully deprived of her rights and privileges and benefits as provided to her under the Constitution of the United States of America, was subjected to pain and suffering, great indignities, ridicule, scorn, loss of freedom, humiliation, mental distress, was prevented from attending her usual activities, was injured in her reputation in the community, and was further caused to incur monetary expense.

66. That the aforesaid false arrest and imprisonment of Plaintiff violated the Fourth Amendment of the United States Constitution.

67. That Defendants committed the foregoing acts willfully and with malicious disregard for Plaintiff's rights and are therefore liable to Plaintiff for compensatory as well as punitive damages.

68. As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in her reputation and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's person, in an amount to be determined at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), as well as punitive damages, costs, attorneys' fees, and any other relief this Court may find just and proper.

**AS AND FOR A THIRD COUNT**
**42 U.S.C. § 1983 - Failure to Intervene**
**(*Against Defendants BOILY, BRADO, SPEARMAN, PLACIOUS, MILITELLO, BRONGO, and DOES*)**

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

70. Defendants had an affirmative duty to intervene to prevent the violation of Plaintiff's Constitutional rights.

71. Defendants failed to intervene to protect Plaintiff from the egregious violation of her Constitutional rights, despite having a realistic opportunity to do so.

72. That, as a result of Defendants' conduct and failure to intervene, Plaintiff's Constitutional rights were violated.

73. Plaintiff has suffered damages as a result of Defendants' impermissible conduct.

74. As a proximate result of Defendants' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur medical expenses, other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages, costs, and attorney's fees pursuant to Title 42 § 1988, and any other relief this Court may find just and proper.

**AS AND FOR A FOURTH COUNT**
**42 U.S.C. § 1983 – Malicious Prosecution**
**(*Against All Defendants*)**

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

76. Defendants' commencement and/or continuation of a criminal proceeding against Plaintiff by the lodging of false charges, wrongful arrest, and abuse of process culminated into the unjustifiable and malicious prosecution of Plaintiff by Defendants.

77. Defendants provided false and fabricated information which was used by the District Attorney's Office ("DA") to prosecute Plaintiff for false, erroneous, and unsubstantiated charges.

78. Defendants provided the DA with false information, and knew that said information would be used to prosecute Plaintiff.

79. Defendants' actions constituted unreasonable and unlawful behavior, as well as abuse of process, abuse of authority, and violations of Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights.

80. As a result of Defendants' actions, the DA conducted said proceedings against Plaintiff based on the false and fabricated evidence.

81. Defendants, therefore, caused the DA to breach its duty under 42 U.S.C. § 1986 to prevent the commission of the civil rights violations perpetrated against Plaintiff including violations of 42 U.S.C. § 1983.

82. Defendants instituted and maintained criminal charges against Plaintiff knowing that she was completely innocent.

83. Said abuse of process has continued by Defendants' failure to adequately investigate and properly discipline Defendants for their actions against Plaintiff.

84. The false and fabricated allegations made against Plaintiff were based on actual malice harbored by Defendants.

85. Each knew that the charges were false and only sought to press the charges to mask and cover up the abuses, violations, and wrongful acts which they had taken against Plaintiff.

86. The action taken by Defendants to create a false narrative; falsely accuse Plaintiff; provide false information to the DA; maliciously prosecute; harass; and fully inconvenience Plaintiff with false criminal charges is an abuse of process, by using the courts and judicial process to harass, intimidate, inconvenience, and further damage Plaintiff despite no significant evidence for prosecuting the baseless charges.

87. The prosecution of Plaintiff remains ongoing.

88. As a result of said abuse of process, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily and other expenses incurred in the attempt to clear Plaintiff from these false and maliciously imposed criminal charges.

89. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of FIVE MILLION DOLLARS ($5,000,000.00), as well as punitive damages, costs, attorneys' fees, and any other relief this Court may find just and proper.

**AS AND FOR A FIFTH COUNT**
**42 U.S.C. § 1983 – Abuse of Process**
**(*Against All Defendants*)**

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

91. Defendants intentionally, recklessly, and maliciously filed and/or caused to be filed, a false, inaccurate, and/or misleading criminal complaint against Plaintiff.

92. The false criminal complaint lodged by Defendants against Plaintiff was done with knowledge that the facts contained therein were false, misleading, and/or otherwise inaccurate.

93. Defendants filed said false criminal complaint against Plaintiff with an ulterior purpose/motive to subject Plaintiff to punishment without just cause and in order to protect Defendants.

94. Defendants subjected Plaintiff to the criminal justice system without just cause or reason. Defendants abused the criminal justice system in assaulting, falsely arresting, falsely charging, and falsely prosecuting SHAWNA in an attempt to protect Defendants and satisfy their personal goals of covering up their wrongdoing and to further their own purposes of exercising their privilege for their own warped sense of power.

95. Defendants created false and fabricated statements which included the GPD Incident Reports, Narratives, Use of Force Reports, Property Reports, and Charging Instruments.

96. Moreover, Defendants invented and fabricated circumstances which were used to support the false charges in the charging instrument that was used to prosecute Plaintiff by the DA.

97. Defendants' use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff

solely for a purpose that was/is outside the legitimate ends of the legal process. The purpose behind Defendants' actions was to protect Defendants and to harass, intimidate, coerce, silence, and punish Plaintiff.

98. Defendants did not initiate the arrest and prosecution of Plaintiff as a result of actual knowledge that a crime was committed. Defendants' clear intention was to protect Defendants, and falsely arrest and falsely prosecute Plaintiff and cause harm to Plaintiff without proper motive, excuse, or justification of any kind.

99. Defendants did nothing to stop the criminal proceedings which amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the criminal process.

100. As a direct consequence of the actions of Defendants, acting in furtherance of their duty as agents of TOWN, Plaintiff suffered injuries, including but not limited to, stigmatization, embarrassment, loss of liberty, and the infringement of her rights guaranteed to her under the U.S. Constitution.

101. Defendants, with the aid of Defendants, falsified evidence and committed perjury in order to cover up Defendants' unlawful acts.

102. As a direct consequence of the actions of Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damages, incidental fees/costs, loss of property, and other financial impairments.

103. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of FIVE MILLION DOLLARS

($5,000,000.00), as well as punitive damages, costs, and any other relief this Court may find just and proper.

**AS AND FOR A SIXTH COUNT**
**42 U.S.C. § 1983 – Fabricating of Evidence**
**(*Against Defendants BOILY, BRADO, SPEARMAN, PLACIOUS, MILITELLO, BRONGO, and DOES*)**

104. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

105. Defendants fabricated evidence against Plaintiff to deprive Plaintiff of her Fourth, Fifth, Sixth, and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully charge Plaintiff with crimes that she did not commit.

106. Defendants further deprived Plaintiff of her due process rights, specifically by falsifying facts in the charging instrument filed against SHAWNA.

107. All of the above factual allegations prepared by Defendants were false. These false allegations, and others, led to the false arrest of Plaintiff, Plaintiff being accused of crimes which she did not commit, and Plaintiff's false prosecution.

108. The actions by Defendants denied Plaintiff her liberty and due process rights. These rights are guaranteed to Plaintiff under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

109. As a direct consequence of the actions of Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to her name and reputation, special damages, incidental fees/costs, loss of property, and other financial impairments.

110. Defendants knew or should have known that the wrongful detainment, false arrest, wrongful imprisonment, and unlawful prosecution of SHAWNA violated Plaintiff's rights, guaranteed to her under the Fourth, Fifth, Sixth, and Fourteenth Amendments and 42 U.S.C. § 1983.

111. Defendants had the authority, ability, and concurrent duty under 42 U.S.C. § 1983 to prevent the false arrest, wrongful detainment, and unlawful prosecution of Plaintiff, yet these Defendants neglected to prevent said violations from occurring and, further, failed to intervene to protect or aid Plaintiff when such violations did in fact occur.

112. Defendants knew or should have known that the fabricated accusations against SHAWNA were violative of her Fourth, Fifth, Sixth, and Fourteenth Amendment rights to due process, and were tantamount to the unfair treatment that she suffered at the hands of each and every Defendant, in violation of Plaintiff's fundamental rights under the Constitution.

113. As a direct consequence of the actions of the Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to her name and reputation, special damages, incidental fees/costs, loss of property, and other financial impairments.

114. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of FIVE MILLION DOLLARS ($5,000,000.00), as well as punitive damages, costs, attorneys' fees, and any other relief this Court may find just and proper.

**AS AND FOR A SEVENTH COUNT**
**42 U.S.C. § 1983 - *Monell***
**(*Against Defendant TOWN*)**

115. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

116. Defendant TOWN failed to adequately train its police officers and sergeants regarding the proper use of force, probable cause, and investigation to comply with Constitutional standards and have tolerated the use of excessive force, probable cause, and investigation by their police officers despite a plethora of complaints from citizens of being subjected to Constitutional violations by police officers and/or other personnel from GPD.

117. Among the other conduct or failure to act by the TOWN which caused Plaintiff's injuries are the following:

(a) Failure to retrain and update training of their police officers and other GPD personnel regarding the proper use of force, probable cause, and investigation of purported crimes under the Constitution of the United States, including police officers and sergeants who have been accused of excessive use of force, improper police procedures and tactics, and falsifying police records.

(b) In hiring and retaining incompetent police officers and other GPD personnel who TOWN knew or should have known possessed aggressive propensities, lack of proper temperament, and inability to comprehend or abide by Constitutional principles.

(c) In failing to establish and implement meaningful procedures for disciplining or re-training officers who have engaged in such misconduct, including officers who have been the subject of misconduct claims.

(d) In failing to implement adequate disciplinary policies to deter its police officers from the use of excessive force, improper police procedures and tactics, and falsifying police records.

(e) In failing to implement the utilization of body worn cameras and dash cameras.

118. TOWN, by its policy making agents, servants, and employees, authorized and or allowed the type of misconduct complained herein to continue.

119. The conduct of the Individual Defendants was consistent with longstanding customs, practices, and usages of police officers and sergeants employed by TOWN.

120. Upon information and belief, despite knowledge of such de facto policies and practices, the supervising and policy making officers and officials of the Police Department of the TOWN have not taken steps to terminate these policies and practices, have not disciplined individuals who engage in such practices or otherwise trained police officers and sergeants with regard to the Constitutional and statutory limits on the exercise of their authority, and have, instead, condoned and ratified these customs, usages, and practices through their deliberate indifference to or disregard of the effect of said policies, customs, and practices upon the Constitutional rights upon persons within their respective jurisdictions.

121. As a proximate result of TOWN's actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in her person and reputation, caused to incur medical expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus costs, attorney's fees, and any other relief this Court may find just and proper.

**AS AND FOR AN EIGHTH COUNT**
**Violations of New York State Constitution**
**(*Against All Defendants*)**

122. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

123. Defendants subjected Plaintiff to the foregoing acts and omissions without due process of law, thereby depriving Plaintiff of rights, privileges, and immunities guaranteed by Article 1, §§ 6 and 12 of the New York State Constitution, including, without limitation, the right to due process and the right to be free from unreasonable searches and seizures.

124. As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in her reputation, caused to incur medical expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages as to the Individual Defendants, costs, and any other relief this Court may find just and proper.

**AS AND FOR A NINTH COUNT**
**Assault and Battery**
**(*Against All Defendants*)**

125. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

126. Defendants, without just cause, willfully and maliciously used physical force against SHAWNA, causing her to sustain severe and serious injuries.

127. Defendants committed the foregoing acts intentionally, willfully, and with malicious disregard for SHAWNA's rights and are therefore liable for punitive damages.

128. As a proximate result of Defendants intentional and malicious actions, Plaintiff was greatly humiliated, injured in her reputation, caused to incur medical expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages as to the Individual Defendants, costs, and any other relief this Court may find just and proper.

**AS AND FOR A TENTH COUNT**
**Pendant State Claim – False Arrest/Imprisonment**
**(*Against All Defendants*)**

129. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

130. Defendants caused Plaintiff to be falsely arrested/imprisoned.

131. Defendants caused Plaintiff to be confined and intended to have Plaintiff confined.

132. Plaintiff was conscious of the confinement, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

133. That by reason of the false arrest, Plaintiff suffered damages as set forth herein.

134. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in a sum to be provided at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages as to the Individual Defendants, costs, and any other relief this Court may find just and proper.

**AS AND FOR AN ELEVENTH COUNT**
**Pendant State Claim – Malicious Prosecution**
**(*Against All Defendants*)**

135. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

136. Plaintiff was arraigned and charged with speed not reasonable and prudent in violation of NYS VTL § 1180A; Criminal Trespass in the Second Degree in violation of NY PL § 140.15(1); Reckless Endangerment in the Second Degree in violation of NY PL § 120.20; Harassment in the Second Degree in violation of NY PL § 240.26(1); Obstructing Governmental Administration in the Second Degree in violation of NY PL § 195.05; Resisting Arrest in violation of NY PL § 205.30; and Driving While Intoxicated in violation of NY VTL § 1192(3).

137. As a result of the malicious prosecution, Plaintiff suffered substantial financial loss.

138. As a result of the false and unlawful charges, Plaintiff was required to make appearances in Court.

139. Defendants participated in the investigations of allegations against Plaintiff, as well as the criminal prosecution against her.

140. The criminal prosecution was commenced despite Defendants' knowledge that Plaintiff did not participate in the alleged crimes and that probable cause for the arrest and initiation of the prosecution did not exist.

141. The criminal prosecution was continued after Defendants knew that they had no probable cause for the original arrest and/or initiation of the prosecution existed.

142. By participating in the arrest and prosecution, which they knew lacked probable cause, Defendants acted with malice against Plaintiff.

143. Defendants prosecuted Plaintiff with malice independent of their lack of probable cause.

144. Plaintiff's prosecution remains ongoing.

146. As a result of Defendants' malicious prosecution, Plaintiff's rights were violated.

147. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in a sum to be provided at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages as to the Individual Defendants, costs, and any other relief this Court may find just and proper.

**AS AND FOR A TWELFTH COUNT**
**Intentional Infliction of Emotional Distress**
**(*Against all Defendants*)**

148. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

149. Defendants, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally and/or recklessly caused Plaintiff to experience severe mental and emotional distress, pain, suffering, and damage to name and reputation.

150. All of these acts were performed without any negligence on the part of Plaintiff and were the proximate cause of injuries to Plaintiff.

151. Defendants committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

152. As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in her reputation, incurred medical expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be

provided at trial but no less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages against the Individual Defendants, costs, and any other relief this Court may find just and proper.

**AS AND FOR A THIRTEENTH COUNT**
**Pendant State Claim – Negligence**
**(*Against All Defendants*)**

153. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

154. Defendants had a duty to prevent and cease the unlawful assault and battery upon Plaintiff as well as a duty to hire, train, investigate, supervise, and discipline the Individual Defendants and prevent other wrongful acts that were committed against Plaintiff.

155. In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and Constitutional rights of Plaintiff against unlawful use of force and assault and battery. Said rights are guaranteed to Plaintiff by 42 U.S.C. § 1983 and by the Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution.

156. The breach of duty by Defendants was a direct and proximate cause of the harm suffered by Plaintiff. Said harm includes psychological harm which continues to this day, monetary expenses, personal humiliation, damage to reputation, and loss of standing in the community.

157. That, by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in a sum to be provided at trial but not less than FIVE

MILLION DOLLARS ($5,000,000.00), plus costs and any other relief this Court may find just and proper.

**AS AND FOR A FOURTEENTH COUNT**
***Respondeat Superior***
**(*Against Defendant TOWN*)**

158. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

159. At all relevant times, Defendants were employees of Defendants TOWN and GPD and were acting within the scope of their employment.

160. Defendants TOWN and GPD are, therefore, vicariously liable under the doctrine of *respondeat superior* for the actions of Defendants set forth herein.

161. As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in her reputation, caused to incur medical expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than FIVE MILLION DOLLARS ($5,000,000.00), plus costs and any other relief this Court may find just and proper.

**AS AND FOR A FIFTEENTH COUNT**
**Negligent Hiring**
**(*Against Defendants TOWN and GPD*)**

162. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

163. Upon information and belief, it was the custom, policy, and practice of Defendants TOWN and GPD to hire certain officers, including Defendants, without conducting the appropriate background checks, investigations, and psychological evaluations.

164. Upon information and belief, it was the custom, policy, and practice of Defendants TOWN and GPD to conduct inadequate investigations of officer candidates as was done with Defendants.

165. Upon information and belief, it was the custom, policy, and practice of Defendants TOWN and GPD to inadequately supervise the actions and conduct of officers, including Defendants.

166. Upon information and belief, it was the custom, policy, and practice of Defendants TOWN and GPD to continue to employ police officers, including Defendants, after it is known that such officers consistently violate the Constitutional rights of persons such as SHAWNA.

167. These customs, policies, and practices were the moving force, proximate cause, or affirmative link behind the conduct causing SHAWNA's injuries.

168. Defendants TOWN and GPD are, therefore, liable for violations of SHAWNA's Constitutional rights as caused by Defendants as described in more detail in the foregoing paragraphs, and Plaintiff has suffered damages therefrom.

169. As a proximate result of Defendants TOWN and GPD's customs, policies, and practices for negligent hiring, improper supervision, and improper retention of officers, SHAWNA was greatly humiliated, injured in her reputation, caused to incur medical expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus costs and any other relief this Court may find just and proper.

**JURY DEMAND**

170. Plaintiff demands a Trial by Jury of all causes of action so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. Under the First Count, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages, costs, and attorney's fees;

B. Under the Second Count, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages, costs, and attorney's fees;

C. Under the Third Count, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages, costs, and attorney's fees;

D. Under the Fourth Count, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages, costs, and attorney's fees;

E. Under the Fifth Count, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages, costs, and attorney's fees;

F. Under the Sixth Count, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages, costs, and attorney's fees;

G. Under the Seventh Count, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages, costs, and attorney's fees;

H, Under the Eighth Count, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages as to the Individual Defendants, costs, and attorney's fees;

I. Under the Ninth Count, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages as to the Individual Defendants, costs, and attorney's fees;

J. Under the Tenth Count, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages as to the Individual Defendants, costs, and attorney's fees;

K. Under the Eleventh Count, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages as to the Individual Defendants, costs, and attorney's fees;

L. Under the Twelfth Count, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages as to the Individual Defendants, costs, and attorney's fees;

M. Under the Thirteenth Count, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus costs;

N. Under the Fourteenth Count, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus costs;

O. Under the Fifteenth Count, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus costs; and

P. Such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
September 5, 2024

Respectfully submitted,

**HORN WRIGHT, LLP**
*Attorneys for Plaintiff, Shawna Saunders*

By: /s/*Pablo A. Fernandez*
Pablo A. Fernandez, Esq.
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Ph: 516.355.9696
paf@hornwright.com