UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

SHAWNA SAUNDERS,

**Docket: 6:24-cv-06528 (CJS)(CDH)**

Plaintiff,

-against-

TOWN OF GREECE, TOWN OF GREECE POLICE DEPARTMENT, TOWN OF GREECE POLICE OFFICER CALVIN BOILY, in his individual and official capacities, TOWN OF GREECE POLICE OFFICER KATELYN BRADO, in her individual and official capacities, TOWN OF GREECE POLICE SGT. JOSHUA SPEARMAN, in his individual and official capacities, TOWN OF POLICE OFFICER STEPHEN PLACIOUS, in his individual and official capacities, TOWN OF GREECE POLICE OFFICER STEPHANIE MILITELLO, in her individual and official capacities, TOWN OF GREECE POLICE OFFICER BRONGO, in his individual and official capacities, and TOWN OF GREECE POLICE OFFICER JOHN/JANE DOES #1-10 (fictitiously named), in their individual and official capacities,

Defendants.

---------------------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF
HORN WRIGHT, LLP's MOTION PURSUANT TO LOCAL RULE 83.2**

**HORN WRIGHT, LLP**
Pablo A. Fernandez, Esq.
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Ph: 516.355.9696
paf@hornwright.com

# TABLE OF CONTENTS


TABLE OF AUTHORITIES i

PRELIMINARY STATEMENT 1

ARGUMENT 3

I. LOCAL CIVIL RULE 83.2 (c)(4) AND RULE 1.16 OF THE NYS RULES OF PROFESSIONAL CONDUCT AUTHORIZE WITHDRAWAL UNDER THE CIRCUMSTANCES 2

II. WITHDRAWAL OF THE FIRM WILL NOT PREJUDICE THE PARTIES 3

CONCLUSION 4

# TABLE OF AUTHORITIES


| CASES | PAGE |
|---|---|
| *Diarama Trading Company, Inc. v. J. Walter Thompson USA, Inc.,* 2005 WL 1963945 (S.D.N.Y. 2005) | 3 |
| *Hallmark Capitol Corp. v. Red Rose Collection, Inc.* 1997 WL661146 (S.D.N.Y. 1997) | 3 |
| *Milltex Group Inc. v. Gossard & Berlei Ltd.*, No. 15-CV-10002 (RA), 2017 WL 9771811 at *1 (S.D.N.Y. 2017) | 2 |
| *SEC v. Pentagon Capital Mgt. PLC*, No. 08-CV-3324, 2013 WL 5815374, at *3-4 (S.D.N.Y. 2013) | 2 |

| STATUTES | PAGE |
|---|---|
| Local Rule 83.2 | 1, 2 |
| N.Y. Rules of Professional Conduct 1.16(c)(4) and (7). | 1, 2 |

## PRELIMINARY STATEMENT

Pursuant to Rule 83.2 of the Local Rules of the United States District Court for the Western District of New York, Horn Wright, LLP (the "Firm"), counsel for Plaintiff Shawna Saunders ("Saunders" or "Plaintiff"), hereby respectfully submits this Memorandum of Law in Support of its Motion to Withdraw as counsel for Plaintiff in the above-captioned matter and for all deadlines in the case to be briefly stayed pending the resolution of this motion in the event that this application is granted.

The Firm seeks leave to withdraw as counsel of record for Plaintiff Shawna Saunders on the grounds that Plaintiff and counsel have had an irreconcilable breakdown of communication which cannot be overcome, making continued representation impossible. N.Y. Rules of Professional Conduct 1.16(c)(4) and (7) (*Id.*). Furthermore, Ms. Saunders stated that she would seek other representation if the undersigned refused to proceed in a particular manner. Ms. Saunders has stated to the undersigned that she would be retaining new counsel to represent her in this matter.

The Firm has served Plaintiff with the instant Motion to Withdraw. Accordingly, the Firm respectfully requests that this Court grant the Motion to Withdraw and enter an Order: (i) authorizing the withdrawal of Horn Wright, LLP as attorneys of record for Plaintiff Shawna Saunders, and discharging said firm and its attorneys from further representation duties herein; (ii) staying any pending motions and/or scheduling deadlines affecting the parties for at least forty-five (45) days from the date of entry of the Order discharging Horn Wright, LLP as attorneys of record for Shawna Saunders, so as to afford her an opportunity to retain new counsel and for her new counsel to become familiar with the file; and (iii) for such other and further relief as this Court

deems is just and proper. The Firm's withdrawal will not prejudice the litigation, nor substantially impede the progress of this action.

## ARGUMENT

## POINT I

## LOCAL CIVIL RULE 83.2(c)(4) AND RULE 1.16 OF THE NYS RULES OF PROFESSIONAL CONDUCT AUTHORIZE WITHDRAWAL UNDER THE CIRCUMSTANCES

Withdrawal of counsel in this District is governed by Local Rule 83.2(c)(4), which provides:

> (c) An attorney who has appeared as counsel of record in a civil matter may withdraw or be substituted by successor counsel in accordance with the following procedure:
> (4) By Motion. In all other instances, an attorney who seeks to withdraw or be substituted as successor counsel shall file a motion, which must be served upon the client and all other counsel of record. If privileged or otherwise confidential information is reasonably necessary to support the application, such information may be submitted in camera to the Court, with a copy to the client only. If the Court takes no action on an unopposed motion for withdrawal or substitution with thirty (30) days of its filing, the motion will be deemed granted.

In considering whether to grant a motion to withdraw, district courts must analyze two factors: "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Milltex Group Inc. v. Gossard & Berlei Ltd.*, No. 15-CV-10002 (RA), 2017 WL 9771811 at *1 (S.D.N.Y. 2017). It is well-settled, however, that a court has "considerable discretion in deciding a motion for withdrawal of counsel" and can impose conditions before allowing counsel to do so. See *SEC v. Pentagon Capital Mgt. PLC*, No. 08-CV-3324, 2013 WL 5815374, at *3-4 (S.D.N.Y. 2013).

Pursuant to Local Rule 83.2 (c)(4) of the Western District of New York, "an attorney who seeks to withdraw . . . shall file a motion, which must be served upon the client and all other counsel of record." The New York State Rules of Professional Conduct permits withdrawal of

counsel where "the client insists upon taking action with which the lawyer has a fundamental disagreement" [NYS RPC 1.16 (c)(4)] and "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." [NYS RPC 1.16(c)(7)].

In this case, as detailed in the Declaration of Pablo A. Fernandez ("*Fernandez DEC*"), Plaintiff has made it clear that she no longer wishes this Firm to represent her in the instant action. *Fernandez DEC*, ¶6. Further, we have reached an impasse on several issues that create more than "unreasonable difficulty" in representing Plaintiff and the impasse is of such a nature that continued representation is not feasible. This has resulted in a breakdown in communication between the Firm and Ms. Saunders. We have sought to reach out to Plaintiff, but she has stopped communicating with the Firm. *Fernandez DEC*, ¶¶ 6-9.

These disagreements have caused the attorney-client relationship to irreparably deteriorate to the point that this firm can no longer continue to represent Plaintiff. *Diarama Trading Company, Inc. v. J. Walter Thompson USA, Inc.,* 2005 WL 1963945 (S.D.N.Y. 2005); *Hallmark Capitol Corp. v. Red Rose Collection, Inc*. 1997 WL661146 (S.D.N.Y. 1997).

## POINT II

## WITHDRAWAL OF THE FIRM WILL NOT PREJUDICE THE PARTIES

Consideration is also given as to whether the prosecution of the suit is likely to be disrupted. Here, there is likely to be negligible disruption to the prosecution of the case at this stage of the litigation, while discovery is underway. The parties have exchanged documents and records, but depositions have not been completed. Withdrawal of representation of Plaintiff Shawna Saunders from this matter will not cause substantial damage or be detrimental to the rights of any party.

## CONCLUSION

For the foregoing reasons, the Firm respectfully requests that the Court grant its motion to withdraw as counsel of record for Plaintiff Shawna Saunders and this action be stayed for a reasonable amount of time for Plaintiff to engage new counsel.

Dated: Garden City, New York
July 16, 2026

**HORN WRIGHT, LLP**
*Attorneys for Plaintiff*

By: /S/ Pablo A. Fernandez

Pablo A. Fernandez, Esq.
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Ph: 516.355.9696
paf@hornwright.com